IN THE UNITED STATES DISTRICT COURT

DISTRICT COURT OF RHODE ISLAND

UNITED STATES OF AMERICA,

v. FILED No: 1:06CR0016-01S

OCT 22 2007

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN KIMBROUGH
Petitoner.

PRO SE PETITIONER'S MOTION FOR MODIFICATION

PURSUANT TO 18 U.S.C. § 3582(c)(2)

**NOW COMES**, the petitioner, appearing pro se in the above matter, respectfully requesting that the Honorable Court grant this, his Motion for Modification of Sentence and would show the Court as follows:

## FACTUAL BACKGROUND

The petitioner was charged with a violation of 21 U.S.C. § 841(b)(1)(B)(iii) Possession with Intent to Distribute five grams or more of cocaine base and a violation of 18 U.S.C. § 922(g)(1) and 924(e) Felon in Possession of a Firearm.

The petitioner pled guilty to all counts and was sentenced on June 1, 2007 to 150 months imprisonment by the Honorable Judge William E. Smith. there was no appeal taken.

ISSUE I.

**THE PETITIONER CONTENDS THAT THIS COURT HAS THE AUTHORITY TO GRANT A TWO POINT REDUCTION TO HIS ADJUSTED BASE OFFENSE LEVEL IN LIGHT OF THE SENTENCING COMMISSION'S AMENDMENT TO THE USSG §§ 2D1.1(c) RELATING TO DEFENDANTS SENTENCED TO CRACK COCAINE OFFENSES DUE TO THE SENTENCING DISPARITY BETWEEN COCAINE AND COCAINE BASE OFFENDERS**

The petitioner contends that this Court has the authority to award him a sentencing reduction of two points as it applies to his Base Offense Level in light of the U.S. Sentencing Commission's Amendment IX, which modifies U.S.S.G. § 2D1.1(c) relating to defndants sentenced to crack cocaine offenses. See also 1B1.10(a).

The petitioner further contends that the advisory guidelines also applies to resentencing proceedings pursuant to § 3582(c)(2). See United States v. Booker, 543 U.S. 220, 245-46, 160 L.Ed.2d 621 (2005). Effective November 1, 2007, the Sentencing Commission adopted Amendment IX, which modifies the Guidelines applicable to § 841(b) offenses involving crack cocaine offenses.

This court must rely on the history of like amendments which have been previosly made retroactively applicable. if the two level reduction would apply to the defendant, the defendant's adjusted Base Offense Level would be 39 resulting in a new guideline range of 108-135 months; thereby substantially lowering the defendant's term of imprisonment by approximately 36 months. The petitioner must make clear the fact the court is not limited to the two point reduction only, because this court can consider the § 3553 (a) factors such as the 100 to 1 ratio disparity and post-rehabilitation efforts as well.

These efforts can be considered at any resentencing proceedings pursuant to §§ 35539a) and Booker. See also United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007).

As a general matter, courts may not alter a term of imprisonment once it has been imposed. See 18 U.S.C § 3582(c)(2); United States v. Housepian, 307 F.3d 922, 927 (9th Cir. 2002)("District Courts do not have inherent authority to resentence defendants at any time.") However, § 3582(c)(2) creates an exception.

Under this section, a district court can resentence a defendant, like Kimbrough, whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C.§ 994(o).

Wherefore, for all of the above reasons in the interest of justice and fairness, the petitioner respectfully request that the motion is granted.

Respectfully,

October 16, 2007

John Kimbrough

# PROOF OF SERVICE

I certify that on 16 NOV 2007 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

OFFICE OF THE U.S. ATTORNEY
FLEET CENTER
50 KENNEDY PLAZA
PROVIDENCE, R.I.
02903

OFFICE OF THE CLERK
JOHN O. PASTORE FED BLDG.
2 EXCHANGE TERRACE
PROVIDENCE, R I.
02903-1779

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on ________ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature

Dated: 16 OCT 2007