IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-06-116S |
| | : | |
| JOHN KIMBROUGH | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY HIS SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

The defendant moves this court to reconsider the sentence of 150 months imposed on June 1, 2007, arguing that proposed amendments to the United States Sentencing Guidelines (hereafter "Guidelines") warrant a reduction in sentence. The proposed amendments, which will likely become effective on November 1, 2007, will not impact defendant's sentence because of his status as a career offender under USSG § 4B1.1(b)(B). Moreover, even if the proposed amendments would have affected defendant's Guidelines range, they would not apply retroactively to defendants who were sentenced prior to the effective date of the amendments. Accordingly, the defendant's motion should be denied.

As defendant Kimbrough had multiple prior drug convictions, he was sentenced as a career offender under section 4B1.1 of the Guidelines. The proposed amendments to the Guidelines will not impact the defendant's sentence because of his status as a career offender under § 4B1.1. The amendment suggested by the Sentencing Commission (hereafter "Commission") modifies drug quantity thresholds in § 2D1.1 for crack cocaine offenses. Even

though the proposed amendments would reduce the defendant's base offense level under § 2D1.1 if adopted[1], the defendant was not sentenced under § 2D1.1. Rather, the defendant was assigned a base offense level of 34 for being a career offender under § 4B1.1. Therefore, even if the defendant were sentenced under these proposed revisions to the Guidelines, his base offense level would remain the same.

Moreover, even if the proposed amendments would have reduced defendant's Guidelines range (which they do not), there is no indication that the Commission intends for the proposed amendments to be retroactive. A reviewing court may give effect to post-sentencing guideline amendments and reduce an inmate's term of imprisonment only if such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." See United States v. Prezioso, 989 F.2d 52, 53 (1st Cir. 1993); Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992). The policy on retroactive reduction of sentences appears at U.S.S.G. § 1B.1.10 and provides in relevant part:

> (a) Where a defendant is serving a term of imprisonment, and the guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2). If none of the

[1] Based upon the defendant's relevant conduct of 49.9 grams of crack cocaine, his base offense level under § 2D1.1 was 30. If the proposed amendments are adopted by Congress, his base offense level under § 2D1.1 would be 28.

> amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) is not consistent with this policy statement and thus not authorized.

The proposed amendment to § 2D1.1 has not been listed in the applicable policy statement, § 1B.1.10, because the 2007 proposed amendments have not gone into effect and the 2007 Guidelines Manual has not yet been published.

Since there is nothing in the text of the proposed amendment itself that indicates whether the revisions are meant to be retroactive, determining whether this amendment should apply to the defendant's sentence is pure speculation. It is unlikely that an amendment to § 2D1.1 would be retroactive because it involves a substantive change. There is a solid line of cases in the First Circuit holding that Guideline amendments are applied retroactively if they clarify a Guideline but are not so applied if they substantively change a Guideline. See United States v. Crudup, 375 F.3d 5, 8 (1st Cir. 2004); United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996); United States v. LaCroix, 28 F.3d 223, 227 n. 4 (1st Cir.1994); Prezioso, 989 F.2d at 53; Isabel, 980 F.2d at 62; United States v. Havener, 905 F.2d 3, 4-8 (1st Cir. 1990). Significantly, even if the Commission recommended that the proposed amendment be retroactive, 18 U.S.C. §3582(c)(2) permits, but does not require, a reduction in sentence.

Lastly, interpreting these proposed amendments as retroactive will enable every inmate serving a sentence for a crack cocaine offense to move for a reduction of their term of imprisonment. The Sentencing Commission could not have intended to open the federal courts to such a flood of litigation when it promulgated this amendment.

For all of the reasons set forth above, the defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ LEE H. VILKER
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
lee.vilker@usdoj.gov

CERTIFICATE OF SERVICE

On October 23, 2007, I caused the within "Government's Response to Defendant's Motion to Modify His Sentence" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ LEE H. VILKER
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
lee.vilker@usdoj.gov