IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Cr. 06-116S |
| | : | |
| JOHN KIMBROUGH | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2)

Facts and Travel

The defendant, John Kimbrough ("Kimbrough"), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Kimbrough's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

On November 1, 2006, a federal grand jury returned a two count indictment against Kimbrough, charging him with one count of possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Kimbrough entered guilty pleas to both counts of the indictment on March 5, 2007. His sentencing guidelines calculation was set at Offense Level

thirty-one, Criminal History Category V.[1] The sentencing range was 188 to 235 months imprisonment. On June 1, 2007, this Court sentenced defendant under Booker to a below-guideline sentence of 150 months.

Kimbrough claims that with a two-level downward adjustment under the crack cocaine amendments, his sentencing range should now be 108 to 135 months imprisonment. Defendant is wrong. Since Kimbrough was sentenced as a career offender, and not based upon an offense level calculation relying on the crack cocaine provisions set forth in Section 2D1.1, the 2007 amendment does not apply to him.

Argument

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result

[1] Under the Presentence Investigation Report, Kimbrough was responsible for 49.9 grams of crack cocaine. His base offense level based upon those drug quantities was thirty. However, due to his status as a career offender, Kimbrough's actual base offense level was calculated to be thirty-four. He then received a three level downward adjustment for acceptance of responsibility, resulting in a total offense level of thirty-one.

in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse

its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In the instant case, Kimbrough’s sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. As the defendant was sentenced as a career offender, based on his prior convictions for other drug trafficking offenses, his base offense level was increased to thirty-four pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10.

WHEREFORE, the government requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Lee H. Vilker

Lee H. Vilker
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5044
401-709-5001 (fax)
Lee.vilker@usdoj.gov

CERTIFICATION

I hereby certify that on the 4th day of March, 2008, I mailed a copy of the within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), to:

John Kimbrough
Reg. No. 03937-070
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

/s/ Lee H. Vilker
Lee H. Vilker
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5044
401-709-5001 (fax)
Lee.vilker@usdoj.gov