IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

v.

Case No: 06-116S

JOHN KIMBROUGH
Petitioner.

PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE

IN OPPOSITION TO HIS MOTION FOR REDUCTION

PURSUANT TO 18 U.S.C. § 3582(c)(2)

NOW COMES, the petitioner, appearing pro se in the above matter, respectfully request that the Honorable Court grant this, his Motion for Modification of Sentence and would show the Court as follows:

**BACKGROUND**

The defendant on November 1, 2006, a federal grand jury returned a two count indictment against Kimbrough, charging him with one count of possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Kimbrough entered guilty pleas to both counts of the indictment on March 5, 2007. His sentencing guidelines calculation was set at Offense Level thirty-one, Criminal History Category V. The sentencing range was 108 to 135 months. On June 1, 2007, this Court sentenced the defendant to a below guideline sentence of 150 months.

ISSUE/ARGUMENT

**THE U.S. ATTORNEY'S CONCLUSION THAT THE DEFENDANT CANNOT RECIEVE THE BENEFIT OF IS IN ERROR, AND IS BASED UPON THE AMENDED COMMENTARY, WHICH MUST BE IGNORED PURSUANT TO BOOKER, RITA AND GALL AND THE U.S. SENTENCING COMMISSION CANNOT LIMIT THE COURT'S DISCRETION**

The petitioner contends that his Base Offense level was adjusted pursuant to the new Amendment 706, which was modified by amendment 711, and his otherwise applicable guideline range, regardless of any sentence that was originally given 'outside of the guidelines' pursuant to any **separate discretionary factor** other than the drug type, i.e., 'crack'. The petitioner's sentencing range originally was 188-235 months, which he does not dispute, but the Court chose to sentence the petitioner to 150 months based upon his discretion or separate § 3553(a) factors, which has nothing to do with the crack penalty and/or reduction of the Base Offense Level. For example; the petitioner's original Base Offense Level was 34 pursuant to the Career Offender Designation, but it was level 30 based upon the drug quantity alone.; therefore, if the petitioner was sentenced on his retroactively applicable guideline range, his starting Base Offense Level would have been 28 versus 30 warranting a downward departure pursuant to 4A1.3. See Adkins v. United States, 937 F.2d 947, 941 (4th Cir. 1991); United States v. Rivers, 50 F.3d 1126, 1130-31.

The guideline 4A1.3 encourages and does not forbid departures when a court concludes a defendant's criminal history category significantly over represents the seriousness of his criminal history or the likelihood that he will commit further crimes.) . In Rivers, the court held permissable both vertical/horizontal offense level departures where career offender guidelines implicated.

The petitioner contends that a sentence that satisfies only the guidelines would be "greater than necessary, to comply with the purposes of sentencing. See 18 U.S.C. § 3582(c)(2)." See U.S. v. Carvajal, 2005 U.S. Dist. LEXIS 3076, 2005 WL 476125(SDNY

Feb. 22, 2005).

WHEREFORE, for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that the Court gives an "Independent of Assessment" of his case pursuant to § 3553(a), Kimbrough, Booker, and Gall.

Respectfully,

Date: 14 March 2008

John Kimbrough

# PROOF OF SERVICE

I certify that on 14 March 2008 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Lee H. Vilker
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 14 March 2008 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

[signature]
Signature

Dated: 3-14-08