IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN KIMBROUGH )
)
vs. ) Cr. 1:06CR00116-015
)
UNITED STATES OF AMERICA )

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

I. INTRODUCTION

The Petitioner, John Kimbrough ("Kimbrough"), filed the instant motion pursuant to 28 U.S.C. § 2255. Kimbrough claims he was deprived of his Sixth Amendment right to effective assistance of counsel because his counsel failed to object to the Court's treatment of the United States Sentencing Guidelines as mandatory. Kimbrough also claims that the Court erred in failing to apply the retroactive crack-cocaine guidelines. For the reasons discussed below, Kimbrough is wrong in both of his assertions.

II. TRAVEL AND FACTS

On November 1, 2006, a federal grand jury returned a two count indictment against Kimbrough, charging him with one count of possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Kimbrough entered guilty pleas to both counts of the indictment on March 5, 2007. His

sentencing guidelines calculation was set at Offense Level thirty-one, Criminal History Category V. The sentencing range was 188 to 235 months imprisonment. On June 1, 2007, this Court sentenced defendant under United States v. Booker, 543 U.S. 220 (2005), to a below-guideline sentence of 150 months.

The instant petition for relief was filed on March 3, 2008.

## III. THE LAW

The pertinent portion of Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for relief under 28 U.S.C. § 2255 is the process by which a prisoner can petition for federal habeas corpus. Thus, relief is only available in those circumstances in which a habeas petition would apply; there is no right granted to a defendant by § 2255 to retry cases in which he has been adjudged guilty. Hill v. U.S., 368 U.S. 424, 427 (1962).

The Supreme Court has established that "the scope of collateral attack has remained far more limited" than that for direct appeal. U.S. v. Addonizio, 442 U.S. 178, 184-85 (1979). Additionally, an error of law is insufficient to establish the need for relief under a collateral attack; such error must constitute "a fundamental defect which inherently results in a complete miscarriage of justice." Id.

Thus, to obtain collateral relief, the burden on the defendant is substantially higher than the burden for direct appeal. Issues not raised at trial or on appeal are barred from collateral attack without a showing of cause for the failure and "actual prejudice." Knight v. U.S., 37 F.3d 769, 772-73 (1st Cir. 1994).

There is no entitlement to a hearing on § 2255 motions as a matter of right. David v. U.S., 134 F.3d 470, 477 (1st Cir. 1998). Furthermore, such a hearing is not necessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Person v. U.S., 27 F. Supp. 2d 317 (D.R.I. 1998) (quoting McGill, 11 F.3d at 225); U.S. v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989). According to Rule 4 of the Rules Governing Proceedings in the United States District Courts Under § 2255, "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the District Court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The burden is on the moving party to establish his right to a hearing by a preponderance of the evidence. Myatt v. U.S., 875 F.2d 8, 11 (1st Cir. 1989).

Additionally, the First Circuit has held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. U.S., 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. U.S., 879 F.2d 975, 985 n.8 (1st Cir. 1989). A district judge may use his personal observation and recollection of the events at trial to supplement the record. Gregory v. U.S., 585 F.2d 548, 550 n.4 (1st Cir. 1978); U.S. v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir. 1978).

When the court examines a motion under § 2255 without a hearing, the allegations in the motion "must be accepted as true, except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." U.S. v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988). Additionally, "in determining whether the petitioner has carried the devoir of persuasion in this respect… the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." U.S. v. McGill, 11 F.3d 223, 225 (1st Cir.1993).

## IV. ARGUMENT

### A. Kimbrough's Claim of Ineffective Assistance of Counsel is Without Merit.

To establish a valid claim for ineffective assistance of counsel, the petitioner must satisfy the two-pronged test established in Strickland v. Washington: (1) he must demonstrate that his attorney's conduct failed to meet an objective standard of reasonableness, and (2) that the attorney's mistakes were such that they created a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 687-88 (1984).

The court examines the facts with a presumption that counsel's actions in the proceedings were reasonable, thus imposing a heavy burden on the defendant to prove otherwise by a preponderance of the evidence. Lema v. U.S., 987 F.2d 48, 51 (1st Cir. 1993). Furthermore, the court will examine counsel's action within the bounds of "a wide range of reasonable professional assistance" and in the light of the totality of the circumstances "from counsel's perspective at the time… making every effort to eliminate the distorting effects of hindsight."

Singleton v. U.S., 26 F.3d 233, 238 (1st Cir. 1994)(quoting Strickland, 466 U.S. at 689); Natanel, 938 F.2d at 309-310.

Effective assistance does not require exhausting every legal and procedural option available, regardless of the likelihood for success. On the contrary, there is no duty to pursue "weak options when it appears, in light of informed professional judgment, that a defense is implausible or insubstantial." Tuitt v. Fair, 822 F.2d 166, 172 (1st Cir. 1987)(quoting Cepulonis v. Ponte, 699 F.2d 573, 575 (1st Cir.1983)(internal quotations omitted)). Decisions that are deemed tactical, "whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." U.S. v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983).

Ultimately, the First Circuit has held that "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective counsel under the circumstances." Natanel, 938 F.2d at 309-310 (citations omitted).

Kimbrough argues that his counsel was ineffective because he failed to object to the Court's treatment of the Sentencing Guidelines as mandatory. Petitioner is undeniably correct that the Guidelines are now merely advisory in light of the Supreme Court's decision in Booker. Where petitioner's argument runs afoul is in his assertion that the Court failed to treat the Guidelines as merely advisory when sentencing Petitioner to 150 months. As an initial matter, Petitioner neglects to mention that the Court actually sentenced him to a sentence 38 months below the applicable sentencing guideline range. The Court, citing factors such as petitioner's education level, exercised its post-Booker authority to sentence petitioner to a sentence significantly below the pertinent guideline range. (See June 1, 2007 Tr. at 15-18, attached as

Exhibit A.) In sentencing petitioner to 150 months, well-below the applicable guideline range, it is clear that the Court understood that the guidelines were merely advisory and sentenced petitioner accordingly. Moreover, a review of the transcript of the sentencing hearing clearly demonstrates that the Court treated the Guidelines as merely advisory. (See Exh. A at 4, in which the Court refers to the "advisory guideline range.")

In sum, petitioner's counsel could not possibly have been ineffective in failing to object to the Court's treatment of the Guidelines as mandatory since the Court did not, in fact, treat the Guidelines as mandatory. Petitioner's claim should be denied.

B. Petitioner's Claim That the Court Failed to Apply the Retroactive Crack-Cocaine Amendments is Without Merit

Petitioner next claims that Court erred in failing to apply the retroactive amendment to the Sentencing Guidelines pertaining to crack-cocaine offenses. The Court has already denied petitioner's similar motion under 18 U.S.C. § 3582 because the amendment does not apply to career offenders like the petitioner. Petitioner's reiteration of this argument under 28 U.S.C, § 2255 should be denied.

In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline

range." U.S.S.G. § 1B1.10(a)(2)(B). Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In the instant case, Kimbrough's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. As the defendant was sentenced as a career offender, based on his prior convictions for other drug trafficking offenses, his base offense level

was increased to thirty-four pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10.

V. CONCLUSION

The United States therefore requests that the petitioner's motion be denied and dismissed. No hearing is required.

Respectfully submitted,
ROBERT CLARK CORRENTE
United States Attorney

/s/LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Lee.vilker@us.doj.gov

CERTIFICATION

I hereby certify that on the 9th day of April, 2008, I mailed a copy of the within Government's Response To Defendant's Motion To Vacate pursuant to 28 U.S.C. § 2255, to:

John Kimbrough
Reg. No. 03937-070
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

/s/ Lee H. Vilker
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Lee.vilker@us.doj.gov