IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JOHN KIMBROUGH

v. Case No: 1:06CR00116-015

UNITED STATES OF AMERICA

PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE

IN OPPOSITION TO HIS 28 U.S.C. §§ 2255

**NOW COMES,** the petitioner appearing pro se in the above matter, and would respectfully request that the Honorable Court grant, this his Motion to Vacate and his Reply to the Government's Response and would show the Court as follows:

PROCEDURAL BACKGROUND

The petitioner filed the instant petition for relief on March 3, 2008, and did not file a direct appeal or any prior post-conviction motions pertaining to the sentence and/or conviction.

ARGUMENT I.

THE DEFENSE COUNSEL WAS CLEARLY INEFFECTIVE FOR FAILING TO OBJECT TO THE MANDATORY USE OF THE CAREER OFFENDER GUIDELINES AND THE CRACK COCAINE 100 TO 1 MANDATORY RATIO PURSUANT TO § 3553(a)

The petitioner contends that the defense counsel was ineffective for failing to challenge and object to the use of the 'mandatory' career offender guidelines and the 'crack cocaine 100 to 1 ratio', which in light of Booker are advisory, which resulted into a higher penalty and there is clearly a probability that the outcome would have been different. See Strickland v. Washington, 466 U.S. 668,687-88 (1984); Glover v. United States, 531 US 198 (2001). The government has a misunderstanding or misapplication of the facts of the case and/or the issue presented.

The government incorrectly hangs unto the 'fact' that the Honorable Court departed from the mandatory guideline range for due to the career offender status in light of the petitioner's **learning disability**. The petitioner is well aware of this fact and grateful, but the error is not here. The departure and/or the 'below guideline sentence'of 150 months was for the learning disability only pursuant to § 3553(a) based upon the Court's own discretion, not for any other factor and not based upon the fact that the petitioner was considered a career offender. The sentence was not based upon the fact that Mr. Kimbrough was a career offender and that his penalty/mandatory guideline was increased both horizontally and vertically pursuant to the pre-Booker scheme and his Ofeense level 31, Criminal history Category V was the starting point for calculating the petitioner's Base Offense Level. The Honorable Court even in the mandatory scheme could have departed for the learning disability pursuant to Koon v. United States, 518 US 81(1996); therefore, the career offender guideline § 4B1.2 was treated as mandatory, because the court did not give a lesser sentence based on 'career offender status' alone and gave the petitioner a mandatory Base offense level in addition to the 'learning disability' departure and/or outside guideline sentence.

Secondly, the crack cocaine guidelines are 'advisory' just as any other guidelines and the 100 to 1 ratio is not mandatory. It is clear that the ratio and Congress' action in allowing/amending the same constitute a change of direction in relation to the cocaine versus crack disparity, which the U.S. Sentencing Commission has attempted to change for years prior to the 2007 amendment. The crack cocaine scare has run its course and it is obvious that only African-Americans are the only nationality being given outrageous penalties for personal use amounts of cocaine base when it is chemically the exact same drug. Water is a a perfect analogy. Water can be converted into ice, ice can be converted into vapor and vice-versa, so "does the identity/substance change because the form changes?"Surely Not! The petitioner further contends that the defense counsel should have objected to the use of the 100 to 1 ratio, and the 10 year mandatory minimum meets the requirements of § 3553(a) which dictates that the sentence be "sufficient, but not greater than necessary."

**WHEREFORE,** for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that the Honorable Court remand the case for an evidentiary hearing and/or remand the case for resentencing.

Respectfully,

30 April 2008

John Kimbrough

# PROOF OF SERVICE

I certify that on 30 April 2008 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Assistant U.S. ATTORNEY
Lee H. Viker
50 Kennedy Plaza, 8th Fl.
Providence, R.I. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 30 April 2008 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

[signature]
Signature

Dated: 30April 2008