UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - -
JOHN KIMBROUGH              :
                           :
      vs.                  :     C.A. No. 06-116-S
                           :
UNITED STATES OF AMERICA    :
- - - - - - - - - - - - - - - -

### AMENDED MEMORANDUM AND ORDER DENYING RELIEF
### UNDER 28 U.S.C. § 2255 AND 18 U.S.C. § 3582(c)(2)

William E. Smith, United States District Judge.

John Kimbrough has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons stated below, both motions must be denied.

I.    BACKGROUND AND TRAVEL

Kimbrough pled guilty to a two-count indictment charging him with (1) possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and (2) possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Throughout his plea and sentencing proceedings, Kimbrough was represented by Federal Defender Edward C. Roy.

The presentence report (PSR) calculated an advisory Sentencing Guideline range of 188 to 235 months based on Kimbrough's status as a Career Offender, see U.S.S.G. § 4B1.1, with a net offense level of 31 (34 less a 3-level reduction for acceptance of responsibility) and a Criminal history category VI. (PSR ¶¶ 28, 29

46.)  Had Kimbrough not been deemed a Career Offender, his offense level would have been 28.  (<u>Id.</u>, ¶¶ 27, 28.)

At the sentencing hearing, Kimbrough's counsel made no objection to the PSR but instead argued that Kimbrough had cognitive and learning disabilities and requested a sentence of 120 months for his drug offense.  (<u>See</u> Transcript of Sentencing Hearing conducted on June 1, 2007 ["Sent. Tr."] at 6-8.)  After hearing argument, this Court sentenced Kimbrough to 150 months imprisonment -- 38 months below the applicable advisory guideline range – on the crack cocaine offense and to 120 months imprisonment on the firearm offense, to be served concurrently.  (<u>Id.</u> at 17-18.)  This Court also imposed five-year and three-year terms of supervisory release for these offenses.

Kimbrough did not file a direct appeal, and his conviction became final on June 21, 2007.  Thereafter, he timely filed the instant motion to vacate (Doc. #38), asserting (1) that his counsel rendered ineffective assistance by failing to challenge the Court's treatment of his Career Offender status as mandatory; and (2) that he should receive the benefit of the Guideline Amendments reducing the penalties for convictions involving crack cocaine.  The Government filed an objection to the motion (Doc. #45), and Kimbrough submitted two additional filings in support of his motion to vacate.[1]

---

[1] <u>See</u> "Motion to Supplement the 28 U.S.C. § 2255"[sic] (Doc. #46); Reply (Doc. # 48).  The "Motion to Supplement" was granted by

Thereafter, Attorney Francis Flanagan was appointed to represent Kimbrough. Although no further documents have been filed in support of the motion to vacate, Attorney Flanagan, after several continuances, filed on Kimbrough's behalf a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) along with a memorandum in support (Doc. #58), which the Government has likewise opposed.[2]

Because the motion to vacate and the motion for reduction of sentence are based on similar grounds, this Court will consider and determine both motions in this Memorandum and Order.[3]

II. Discussion

    A.   General Principles

---

this Court but is itself a supplemental memorandum in support of Kimbrough's § 2255 motion to vacate.

[2] Kimbrough himself had previously filed two motions for reduction of sentence pursuant to § 3582(c)(2) (Docs. ##34, 37), both of which were denied by this Court. A third pro se motion for reduction of sentence (Doc. ## 51-52), filed after counsel was appointed to represent him, was not accepted for filing. See Order returning document (Doc. #53).

[3] Although Kimbrough has requested a hearing, no hearing is required in connection with any issues raised by the instant motion to vacate because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978) (no hearing required where district judge is thoroughly familiar with case).

3

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Generally, the grounds justifying relief under § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 185 (1979) ("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.") (internal quotations and citation omitted).

B.   Ineffective Assistance Claim

Kimbrough first claims that his counsel was ineffective by failing to challenge the Court's treatment of his Career Offender status as mandatory at sentencing. Because it is based on a flawed factual premise, this claim fails.

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

> (1)   That his counsel's performance fell below an objective standard of reasonableness; and

4

(2)  [A] reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would
have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  See
Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

In assessing the adequacy of counsel's performance, the Court
looks to "prevailing professional norms."  All that is required is
a level of performance that falls within generally accepted
boundaries of competence and provides reasonable assistance under
the circumstances.  Ramirez v. United States, 17 F. Supp. 2d 63, 66
(D.R.I. 1998) (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir.
1994) and citing Strickland, 466 U.S. at 688).

Here, while Kimbrough is correct that the Sentencing
Guidelines are now merely advisory in light of the Supreme Court's
decision in United States v. Booker, 543 U.S. 220 (2005), the
factual basis of his ineffective assistance claim is flatly
contradicted by the record.  The record shows that in sentencing
Kimbrough, this Court was well aware that the guidelines were
advisory.  Kimbrough's sentence of 150 months was 38 months below
the applicable guideline range.  This Court exercised its
post-Booker discretion to impose that sentence, citing such factors
as Kimbrough's cognitive and learning disabilities and alluding to
its review of the psychiatric report from Dr. Tremont.  (See Sent.
Tr. at 11, 15-18.)  Moreover, this Court twice referred to "the
advisory guideline range" at the sentencing hearing.  (See Sent.
Tr. at 3, 4.)  The fact that, as discussed infra, Kimbrough's

guideline range was based on his Career Offender status rather than on his offense conduct does not affect this Court's treatment of the guidelines as advisory.

In short, Kimbrough's counsel did not render deficient performance in failing to object to the Court's treatment of the guidelines as mandatory, because this Court did not treat the guidelines as mandatory.  Thus, Kimbrough's ineffective assistance claim must be rejected.

C.   Crack-Cocaine Guideline Amendments

Kimbrough next claims that this Court erred in failing to retroactively apply the Guideline Amendments pertaining to sentences for crack-cocaine offenses, see U.S.S.G. App. C, Amendments 706 and 713 ("crack cocaine Guideline Amendments "), to his sentence.[4]

A threshold issue as to this claim is whether it is properly brought pursuant to § 2255.  Although the First Circuit has not directly addressed this issue, other courts have found that a § 2255 motion to vacate is not the proper procedural vehicle for seeking the reduction of a sentence based on a retroactive Guideline amendment and that such relief should instead be sought via a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  See e.g. United States v. Porter, 335 Fed. Appx. 408,

---

[4] Amendment 706, effective November 1, 2007, reduced the base offense levels for crack offenses by two levels.  Amendment 713, effective March 3, 2008, made amendment 706 retroactive.

409 (5th Cir. 2009) (upholding district court's re-characterization of § 2255 motion as motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2)); <u>United States v. Newman</u>, C.A. No. 4:07-cv4581, 2009 WL 2413282 at *9 (S.D. Tex. July 29, 2009) (request to lower offense level pursuant to Amendment 706 is not proper under § 2255, but is a claim for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2)).   The terms of both the Guidelines and § 3582(c)(2) suggest this result as well.   <u>See</u> U.S.S.G. § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2).[5]   Thus, this claim must be denied as improperly asserted in his § 2255 motion.

Even if the claim were properly asserted in Kimbrough's § 2255 motion, it is without merit in any event.   Kimbrough's guideline range was based on the Career Offender guideline, U.S.S.G. § 4B1.1, rather than on the crack cocaine guideline provision, U.S.S.G. § 2D1.1.   (<u>See</u> PSR at ¶28; Sent. Tr. at 3.), and thus "his sentence was not 'based on a sentencing range that was subsequently lowered' by Amendment 706."   <u>United States v. Caraballo</u>, 552 F.3d 6, 11-12 (1st Cir. 2008).

---

[5] U.S.S.G. § 1B1.10(a)(1) provides in pertinent part that where a defendant's guideline range "has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment <u>as provided by 18 U.S.C. § 3582(c)(2)</u>." (Emphasis added.)
   Section 3582(c)(2) provides that a court "may reduce the term of imprisonment" of a "defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by [a Guideline Amendment]."

Accordingly, Kimbrough is not entitled to receive any relief under the crack cocaine Guideline Amendments, and this claim fails.[6]

D.   Motion for Reduction of Sentence

Kimbrough has, through his counsel, separately filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582 Motion"). In this motion, Kimbrough asserts that had the crack cocaine Guideline Amendments been in effect on the date of his sentencing,[7] his offense level and resulting guideline range would have been lower, and that therefore this Court would have imposed an even lesser sentence than the one given. As part of this claim, Kimbrough concedes that the offense level set forth in the PSR was correct but contends that his sentence was based on the crack cocaine guideline provision, U.S.S.G. § 2D1.1 -- which provision was affected by the crack cocaine Guideline Amendments. (See § 3582 Motion at 2-3.)

The short answer to this contention is that Kimbrough's guideline range, as noted above, was based on the Career Offender guideline, U.S.S.G. § 4B1.1, rather than on the crack cocaine guideline provision (PSR, ¶ 28; Sent. Tr. 3), and thus his sentence was not "based on a sentencing range that has subsequently been

---

[6] This Court notes that it has already rejected a similar claim in its denial of Kimbrough's *pro se* motions under 18 U.S.C. § 3582(c)(2).

[7] Kimbrough was sentenced on June 1, 2007; the crack cocaine Guideline Amendments became effective on November 1, 2007.

lowered" by the recent crack cocaine amendments.  Caraballo, 552
F.3d at 9.  Accord United States v. Ayala-Pizarro, 551 F.3d 84, 85
(1st Cir. 2008); United States v. Ganun, 547 F.3d 46, 47 (1st Cir.
2008).  As the Court of Appeals explained in Caraballo, under
U.S.S.G. § 1B1.10 a sentencing court is not authorized to reduce a
defendant's sentence when a retroactive amendment does not result
in lowering the applicable sentencing range for the defendant.
Caraballo, 552 F.3d at 10.[8]  See U.S.S.G. § 1B1.10(a)(2)(B) ("A
reduction in the defendant's term of imprisonment is not consistent
with this policy statement and therefore is not authorized under 18
U.S.C. 3582(c)(2) if - an amendment . . . does not have the effect
of lowering the defendant's applicable guideline range.").

In view of this, Kimbrough's argument that this Court would
have been influenced by a lesser guideline range resulting from the
crack cocaine Guideline Amendments falls by the wayside, and relief
under § 3582(c)(2) is unavailable, as there is no lesser guideline
range applicable here.  See Caraballo, 552 F.3d at 11-12.

---

[8] The Court of Appeals further noted:

> Had the new guideline provision for crack cocaine
> offenses (Amendment 706) been in effect when this
> defendant was sentenced, that provision would not have
> had any effect on the sentencing range actually used. As
> we have said, the defendant's actual sentencing range
> was produced by reference to section 4B1.1 (the career
> offender guideline), not section 2D1.1 (the crack
> cocaine guideline).  Thus, Amendment 706 did not lower
> the defendant's actual sentencing range.

Caraballo, 552 F.3d at 11.

Moreover, this Court's consideration of the psychiatric report and other factors set forth in the PSR in connection with its imposition of a below-guidelines sentence does not change this result. Indeed, because this Court's original variant below-guideline sentence was already based in part on those factors -- which are independent of the considerations underlying the crack cocaine Guideline Amendments -- this Court would not have been inclined to impose an even lesser sentence had those amendments been in effect, nor is it so inclined now. Cf. United States v. Russell, CR 03-094S, 2009 WL 4981460 at *4 (D.R.I. Dec. 22, 2009) ("If the Court believed that the [crack-powder cocaine] disparity warranted an even lower sentence, it would have granted one" at the initial sentencing).

Thus, Kimbrough's motion for reduction of sentence must be denied.

III. Conclusion

For all of the foregoing reasons, Kimbrough's motion to vacate sentence is DENIED and DISMISSED. Kimbrough's motion for reduction of sentence (Doc. #58) is likewise DENIED and DISMISSED.[9]

---

[9] In view of the dispositions of these motions, KImbrough's letter request for new counsel (see letter dated November 7, 2009 from John Kimbrough to the undersigned, in Court file) is hereby denied as moot. This Court notes that this request is based in part on Kimbrough's perception that his counsel had failed to respond to this Court's Show Cause Order, when in fact Attorney Flanagan did file the § 3582(c)(2) motion for reduction of sentence discussed herein.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) as to the denial of his § 2255 motion to vacate, because Kimbrough has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Kimbrough is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> § 2255 Rule 11(a).


IT IS SO ORDERED:


<u>/s/ William E. Smith</u>
William E. Smith
United States District Judge
Date: April 27, 2010

11